UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSSI WADE,
    Plaintiff,

v.                                              Civil Action No. 17-10497-GAO

UNITED STATES GOVERNMENT and
DONALD J. TRUMP,
    Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.                                                        June 22, 2017

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be allowed and the complaint will be dismissed.

I.     Background

On March 22, 2017, pro se plaintiff Rossi Wade filed a self-prepared complaint against the United States Government and Donald J. Trump. Plaintiff complains that she has suffered damages because of President Trump's candidacy and assumption of Office of the President of the United States. Plaintiff's complaint can be divided into two categories: (1) President Trump's alleged acts and omissions as President of the United States; (2) President Trump's alleged derogatory statements and discriminatory acts before assuming the office of President of the United States. Plaintiff makes no allegation that President Trump has ever interacted with her. Rather, plaintiff complains that from June 16, 2015 through March 20, 2017, she has experienced "loss of enjoyment of life," has been "tormented by the thought" of President Trump, and "the sight [of him] and sound of his voice frightens" her. As a result, plaintiff claims that she is under the care of a physician. Plaintiff alleges that she has been unable to sleep, focus or believe in a secure future for herself or daughter. Plaintiff seeks compensatory and punitive damages in an amount of $1,000,000,000 for claims for negligence, vicarious liability, and strict liability.

II.      <u>Discussion</u>

    A.      <u>Plaintiff's Motion to Proceed In Forma Pauperis is Allowed.</u>

Plaintiff's motion to proceed *in forma pauperis* is <u>ALLOWED</u>. Because plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening pursuant to 28 U.S.C. §1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B) a complaint must be dismissed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Furthermore, this Court has a duty to examine its jurisdiction and must dismiss an action if it determines that it has no subject matter jurisdiction. <u>See</u> Fed. R. Civ. P. 12(h)(3). In connection with this preliminary screening, plaintiff's *pro se* complaint is construed generously. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

    B.      <u>Plaintiff's Complaint is Subject to Screening and Dismissed.</u>

          1.      <u>Plaintiff's Claims against President Trump Concerning his Official Acts</u>

The President of the United States enjoys broad, absolute immunity Presidential immunity from civil suits for damages for his official acts within the outer perimeter of his authority. <u>Nixon v. Fitzgerald</u>, 457 U.S. 731, 757 (1982)("In view of the special nature of the President's constitutional office and functions, we think it appropriate to recognize absolute Presidential immunity from damages liability for acts within the 'outer perimeter' of his official responsibility."); <u>accord</u> <u>Eves v. LePage</u>, 842 F.3d 133, 144 (1st Cir. 2016)(citing <u>Nixon</u> for proposition of "affording absolute immunity to former U.S. President" concerning civil actions). Accordingly, plaintiff's claims concerning President Trump's alleged acts or omissions in his capacity as President of the United States are dismissed.

2. Plaintiff's Remaining Claims against Trump and the United States.

Plaintiff's remaining claims against President Trump fail. To succeed on a claim for negligence, plaintiff must allege a duty, a breach of that duty, causation and damages. Coons v. A.F. Chapman Corp., 460 F. Supp. 2d 209, 218 (D. Mass. 2006). "Absent a duty of care, there can be no liability for negligence." Id. To the extent that plaintiff brings a claim for President Trump's conduct prior to his presidency, she has failed to allege a duty owed to her by President Trump. Furthermore, as to a claim based upon "strict liability" plaintiff has failed to allege any factual or legal basis that would support a claim for strict liability. See Thomalen v. Marriott Corp., 880 F.Supp. 74 (D. Mass. 1995)(explaining narrow bounds of strict liability for ultra-hazardous activities). Finally, based upon the factual allegations in the complaint, it is unclear how "vicarious liability" would be applicable at all. Even under a generous reading, the complaint fails to state a claim upon which relief may be granted.

Plaintiff's claims against the United States fail as well. "'The United States, as sovereign, is immune from suit save as it consents to be sued..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980)(quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). The Federal Tort Claims Act, 28 U.S.C. §1346, §2675(a), is a discrete waiver of sovereign immunity. "There is no strict liability under the FTCA", Fisher v. United States, 705 F. Supp. 2d 57, 70 (D. Mass. 2010). "The FTCA requires presentment of the claim to the administrative agency prior to filing a lawsuit in order to give the agency sufficient notice to commence an investigation, place a value on the claim, and to permit settlement of meritorious claims more quickly and without litigation.'" Xinrong Zhuang v. Bush, No. CIV.A. 12-12220-RGS, 2013 WL 1788482, at *1 (D. Mass. Apr. 25, 2013)(citing Barrett ex rel. Estate of Barrett v. U.S., 462 F.3d 28, 41 (1st Cir.2006)(quotations

omitted)). Plaintiff has made no allegation of presenting her claim to the United States. Accordingly, this Court has no subject matter jurisdiction to address plaintiff's claims against the United States. 28 U.S.C.A. § 2675(a). The claims against the United States are therefore dismissed.

III. Conclusion

Accordingly, for the reasons stated herein:

1. Plaintiff's motion to proceed in forma pauperis is hereby ALLOWED.

2. Plaintiff's civil action is hereby DISMISSSED.

**So Ordered.**

   /s/ George A. O'Toole, Jr.
George A. O'Toole, Jr.
United States District Judge